THE PEOPLE *v.* SANTIAGO.

APPEAL from the District Court of Ponce.

No. 264.—Decided October 28, 1910.

APPEAL—VERDICT CONTRARY TO THE LAW AND THE EVIDENCE.—Where a verdict is objected to on the ground that it is contrary to the law and the evidence, if the evidence should appear sufficient to justify the verdict and there should be no reason whatsoever to hold that it is contrary to the law, and if there is no other consideration to justify the reversal of the judgment appealed from, it should be affirmed.

The facts are stated in the opinion.

The appellant did not appear.

Mr. Jesús M. Rossy, fiscal, for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This is an appeal taken by Juana Santiago from a judgment of conviction rendered by the District Court of Ponce on April 25 last. The defendant was sentenced to the punishment of one year in the penitentiary at hard labor, and the payment of all costs of the prosecution.

A statement of the case appears in the record, but no brief on behalf of the appellant; nor was she represented by counsel in oral argument on the hearing of this case in this court.

After the trial and before a final judgment was rendered the accused, through her counsel, made a motion for a new trial in the district court on the ground that the verdict of the jury was contrary to the law and the evidence, especially in the fact, as claimed, that no proof was presented on the trial of the preexistence of the sum of money which was charged to have been stolen, and especially that the prosecuting witness who lost the money, Rafael María Aponte, did not testify in regard to that matter, and that the evidence only tended to prove that the accused, during the month of January, had in her possession a certain sum of money which was not identified as the same property which was said to have been stolen, and that The People failed to prove the economic conditions and other personal circumstances of the accused which would prevent her from legally having such a sum of money; and further, that, as the evidence in the case was entirely circumstantial, it should have been shown to be inconsistent with the innocence of the accused; all of which matters were taken into consideration by the court, and the motion for a new trial was overruled.

An appeal was taken in due time from the judgment of the district court to this court, and the record filed here properly certified on September 12 last. The People was repre-

sented here by the *fiscal* who filed a brief and made an oral argument in the cause.

From an examination of the statement of the case, it appears that the charge made against the defendant was that she had abstracted from the coat of the prosecuting witness a sum of money amounting to one hundred dollars ($100). From a careful examination of the evidence, as shown in the record, we concur with the jury that there was no doubt of the guilt of the defendant, and all the necessary facts required to sustain the information were proven upon the trial by the various witnesses who testified in the cause. The evidence is not altogether circumstantial, as claimed; for the witness, Juan Rodríguez, testifies clearly that he saw the accused with the coat of Aponte in her hand while he (Aponte) was asleep in her room. After Rodríguez and Aponte left the house, the money belonging to the latter was counted in the café and $100 in 10 and 20-dollar bills was found to be missing. This, coupled with the fact that the accused had in her hands the coat in the pocket of which the money was kept, goes to show very clearly who was guilty of the theft.

It is useless to discuss the facts any further in this case. The verdict of the jury and the judgment of the court were clearly in accordance with the law and the proof. The punishment inflicted by the court is sufficiently light in consideration of the magnitude of the offense. The judgment should be in all things affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.